UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SONG SUSHUMNA LANDIS,

        Defendant.

NO. 2:09-CR-0296 FCD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on defendant Song Sushumna Landis' ("Landis" or "defendant") motion to dismiss indictment pursuant to Federal Rules of Criminal Procedure 48(b).  Defendant asserts that the indictment should be dismissed with prejudice based upon the government's failure to bring him to trial within 180 days under the Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2, Art. III(a) ("IAD").

    On July 16, 2009, defendant was charged in the indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Specifically, the indictment charges

1

possession of two .22 caliber rifles and a 12 gauge shotgun that had an overall length of less than 26 inches and a barrel length of less than 18 inches.  (Indictment [Docket #1], filed July 16, 2009.)

On September 2, 2009, the United States Attorney's Office and the district court received demand letters under the IAD, requesting to be brought to court on the current indictments.[1]  On March 2, 2010, 181 days after receipt of the demand letters, defendant was arraigned on the indictment.

The IAD applies to charges against a prisoner who is already incarcerated in another jurisdiction.  18 U.S.C. App. 2, § 2 Art. I.  The IAD provides that when there is a pending charge against a person currently serving a sentence on another charge from a different jurisdiction, that person shall be brought to trial "within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint."  Id. at Art. III(a).  Where the government fails to bring the person to trial on federal charges within 180 days, the violation requires dismissal with or without prejudice.  In this case, the government concedes that it violated the IAD and that the

---

[1] Defendant was also the subject of complaint charging him with traveling interstate with the intent to avoid prosecution in violation of 18 U.S.C. § 1073.  The complaint was dismissed without prejudice on March 2, 2010, prior to defendant's filing of this motion.  Therefore, defendant's motion with respect to the complaint filed in Mag. No. 06-324 is DENIED as MOOT.

2

1  indictment must be dismissed.
2      In determining whether dismissal for violation of the IAD
3  should be with or without prejudice, the court must consider (1)
4  the seriousness of the offense; (2) the facts and circumstances
5  of the case that led to dismissal; and (3) the impact of a
6  reprosecution on the administration of the agreement on detainers
7  and on the administration of justice.  18 U.S.C. App. 2, § 9(1);
8  <u>United States v. Johnson</u>, 196 F.3d 1000, 1004 (9th Cir. 1999);
9  <u>United States v. Kurt</u>, 945 F.2d 248, 251 (9th Cir. 1991).  With
10 respect to the seriousness of the offense, the Ninth Circuit has
11 advised that a district court must take a "*broad view*" in
12 reviewing the relevant facts and circumstances of the crime
13 charged.  <u>Kurt</u>, 945 F.2d at 252 (emphasis added).  This includes
14 consideration of the penalties a defendant may face.  <u>Id.</u>  In
15 evaluating the facts and circumstances leading to dismissal,
16 courts look to (1) the good faith of the government; (2) whether
17 the delay was intentional; and (3) whether the delay was
18 egregious.  See <u>United States v. Martinez</u>, 376 F. Supp. 2d 1168,
19 1176 (D. N.M. 2004); <u>United States v. Small</u>, 209 F. Supp. 2d
20 1114, 1123 (D. Colo. 2002).  Finally, in determining the impact
21 of reprosecution on the administration of the IAD and on the
22 administration of justice, courts consider whether the
23 prosecution had an improper motive or whether defendant would be
24 prejudiced by reprosecution.  <u>Kurt</u>, 945 F.2d at 254.
25      In this case, the factors set forth in § 9(1) and the
26 interests of justice militate in favor of dismissal without
27 prejudice.  Defendant is charged with being a felon in possession
28 of a firearm, a serious offense.  See <u>Martinez</u>, 376 F. Supp. 2d

at 1175 (noting that a violation of 18 U.S.C. § 922(g)(1) is "among the more serious federal offenses").  Because the charge is based in part on defendant's criminal record, it is relevant that defendant was convicted of serious and violent felonies, including infliction of corporal punishment on a spouse or cohabitant, possession of a controlled substances, and grand theft.  Based upon the record before the court, including the types of guns defendant is charged with possession of, the amount of guns, and the defendant's criminal history, it is likely that, if convicted, defendant may fact between 100 and 125 months in prison under the Sentencing Guidelines.  Accordingly, the first favor weighs strongly in favor of dismissal without prejudice.

Similarly, the second and third factors also weigh in favor of dismissal without prejudice.  There is no evidence that the government acted in bad faith or that the delay in this case was either intentional or egregious.  See id. (holding that dismissal without prejudice was appropriate where there was "no evidence to suggest that the United States intentionally neglected or otherwise intentionally delayed the disposition of this matter" and where "[t]he delay was not egregious"); Small, 209 F. Supp. 2d at 1123 (holding that dismissal without prejudice was appropriate where it was "not an instance of prosecutorial bad faith" and where there was "no significant evidence of a pattern of neglect or intentional violation of the IAD").[2]  Defendant has

---

[2] Defendant presents evidence that the government previously violated the IAD in a criminal case and that the indictment was dismissed with prejudice in that case on January 12, 2009.  (2:08-cr-0035 LKK.)  The court does not conclude that one prior violation constitutes significant evidence of a pattern of neglect or intentional misconduct.

1  completed his state prison sentence, and thus, prosecution on the
2  federal charge will not adversely impact the administration of
3  the IAD.  Martinez, 376 F. Supp. 2d at 1176; Small, 209 F. Supp.
4  2d at 1123.  Further, defendant has failed to make any showing of
5  prejudice.  While defendant argues that he has lost the ability
6  to get credit in the case for the time he was serving in
7  Sacramento County Jail if he is convicted on the federal charge,
8  the court may consider a wide variety of factors in sentencing a
9  defendant, including "the nature and circumstances of the offense
10 and the history and characteristics of the defendant."  18 U.S.C.
11 § 3553.
12      Therefore, based upon consideration of all the factors set
13 forth in § 9(1) of the IAD and the specific circumstances of this
14 case, defendant's motion to dismiss the indictment is GRANTED
15 without prejudice.
16      IT IS SO ORDERED.
17 DATED: March 29, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE